UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Latrice W. Arlie, et al. | Civil Action No. |
| Plaintiffs; | |
| v. | Section: |
| Denka Performance Elastomer LLC;<br>E.I. DuPont de Nemours and Company; et al. | Judge: |
| | Magistrate Judge: |
| Defendants. | |

**NOTICE OF REMOVAL**

Defendants E.I. du Pont de Nemours and Company ("DuPont"), The Dow Chemical Company, and DowDuPont, Inc. (collectively, "Defendants"), hereby give notice and remove this action from the 40th Judicial District Court, St. John the Baptist Parish, State of Louisiana, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and based on the Court's jurisdiction under 28 U.S.C. § 1332 and, alternatively, under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. In support of this removal, and reserving all rights, objections, defenses, and motions, Defendants assert the following:

1.

On June 19, 2018, 1,001 Plaintiffs filed a state court petition in the matter captioned *Leatrice W. Arlie, et al. v. Denka Performance Elastomer LLC; E.I. DuPont De Nemours and Company; The Dow Chemical Company; and DowDuPont Inc.*, No. 72411, in the 40th Judicial District Court, St. John the Baptist Parish, Louisiana.

2.

Defendants have attached a copy of the entire state court record at the time of removal as **Exhibit 1** to this Notice.

### *Bases for Removal Jurisdiction*

3.

This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

4.

Alternatively, this Court has jurisdiction over this removed mass action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship among the Plaintiff Class and the named Defendants, there are more than 100 named Plaintiffs, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.[1]

5.

Alternatively, this Court has jurisdiction over this removed matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' Petition requires the Court to interpret and apply federal law in order to hold Defendants liable for Plaintiffs' claims. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for any claims that do not require the application of federal law.

---

[1]    "CAFA's jurisdictional provisions 'should be read broadly, with a strong preference that interstate class action[s] should be heard in a Federal court if removed by any defendant.' '[I]f a Federal court is uncertain . . . the court should err in favor of exercising jurisdiction over the case.'" *Frazier v. Pioneer Ams., LLC*, No. 05-1338-D-M1, 2006 WL 5670538, at *5 (M.D. La. Mar. 23, 2006) (quoting *In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559 (N.D. Cal. Jul. 27, 2005) (citing 151 Cong. Rec. H723-01, H0727 (2005)), *aff'd*, 455 F.3d 542 (5th Cir. 2006).

*Diversity of Citizenship*

6.

Complete diversity of citizenship exists here in satisfaction of 28 U.S.C. § 1332(a) because, at the time this suit was commenced, through the date of removal: (a) all named Plaintiffs were citizens of Louisiana; (b) Defendant DuPont was a citizen of Delaware; (c) Defendant Denka Performance Elastomer ("DPE") was a citizen of Japan and Delaware; (d) Defendant The Dow Chemical Company was a citizen of Michigan and Delaware; and (e) Defendant DowDuPont Inc. was a citizen of Michigan and Delaware.

7.

As alleged in Plaintiffs' Petition, at the time this suit was commenced, and on information and belief, through the present, all Plaintiffs were and are domiciled in Louisiana.[2]

8.

A corporation is deemed a citizen of its state of incorporation and the state where its "nerve center" is located.[3]  At the time this suit was commenced, through the date of removal, DuPont, a corporation, was incorporated in Delaware and its corporate headquarters (i.e., "nerve center") was located in Delaware.  Accordingly, DuPont is deemed to be a citizen of Delaware for diversity purposes.

9.

At the time this suit was commenced, through the date of removal, The Dow Chemical Company, a corporation, was incorporated in Delaware and its corporate headquarters was located

---

[2]    Petition ¶ 1.1 ("All Plaintiffs are . . . domiciled in the Parish of St. John the Baptist, State of Louisiana.").

[3]    *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

in Michigan.  Accordingly, The Dow Chemical Company is deemed to be a citizen of Delaware and Michigan for diversity purposes.[4]

10.

At the time this suit was commenced, through the date of removal, DowDuPont, Inc., a corporation, was incorporated in Delaware and its dual corporate headquarters were located in both Delaware and Michigan.  Accordingly, DowDuPont, Inc. is deemed to be a citizen of Delaware and Michigan for diversity purposes.[5]

11.

DPE, as a limited liability company, is a citizen of each and every state of which its members are citizens.  At the time this suit was commenced, through the date of removal, DPE had two members: Denka USA LLC and Diana Elastomers, Inc.  At the time this suit was commenced, through the date of removal, the sole member of Denka USA LLC was Denka Company Limited, which, during that time period, was incorporated in Japan and had its corporate headquarters in Japan.  At the time this suit was commenced, through the date of removal, DPE's other member, Diana Elastomers, Inc., was incorporated under the laws of the state of Delaware, with its nerve center also located in Delaware.  Therefore, at the time this suit was commenced, through the date of removal, DPE is deemed a citizen of Japan and Delaware because its members were citizens of Japan (Denka USA LLC) and Delaware (Diana Elastomers, Inc.).

---

[4]   The Dow Chemical Company has no connection to the conduct alleged in the Petition and is not a proper Defendant in this action.

[5]   DowDuPont, Inc. has no connection to the conduct alleged in the Petition and is not a proper Defendant in this action.

12.

Because Plaintiffs are citizens of Louisiana and the named Defendants are citizens of Delaware, Michigan, and Japan, complete diversity exists between the parties in accordance with the requirements of 28 U.S.C. § 1332(a).

13.

Alternatively, minimal diversity of citizenship exists here in satisfaction of CAFA, 28 U.S.C. § 1332(d), because, at the time this suit was commenced, through the date of removal: (a) Plaintiffs were citizens of Louisiana, (b) DuPont was a citizen of Delaware, (c) The Dow Chemical Company was a citizen of Delaware and Michigan, and (d) DowDuPont, Inc. was a citizen of Delaware and Michigan.

14.

Under CAFA, the district courts shall have original jurisdiction over matters in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."[6]  As set forth above, Plaintiffs are Louisiana citizens, and the corporate Defendants are citizens of Delaware and Michigan.[7]  Accordingly, minimal diversity exists between the parties.

*Amount in Controversy*

15.

The amount in controversy required by 28 U.S.C. § 1332(a) is satisfied for each Plaintiff.

---

[6]    28 U.S.C. § 1332(d)(2)(A).

[7]    Under CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c).

16.

Removal under 28 U.S.C. § 1446(a) requires only "a short and plain statement of the grounds for removal."  Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[8]

17.

Louisiana law prohibits plaintiffs from alleging in their petition the amount of damages they seek.[9]  Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant may prove that the amount in controversy exceeds $75,000 either by (a) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (b) setting forth the "facts in controversy" that support a finding of the requisite amount.[10]  If a defendant meets this burden, remand is only proper if the plaintiff demonstrates to a "legal certainty" that its recovery will not exceed the jurisdictional amount.[11]

18.

The Petition includes a "Binding Pre-Removal Stipulation" that addresses only the monetary damages that each Plaintiff seeks.  It provides that "[t]he total monetary award sought by each of the Plaintiffs . . . does not exceed the sum of $50,000.00 per Plaintiff,"[12]  and declares that it is the intent of "[e]ach Plaintiff . . . and undersigned counsel . . . to waive, relinquish, and/or

---

[8]  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

[9]  *Robertson v. Chevron USA, Inc.*, No. 15-874, 2016 WL 3667153, at *4 (E.D. La. July 11, 2016) ("Louisiana law prohibits plaintiffs from alleging in their petition the amount of damages they seek." (citing La. C.C.P. art. 893(A)(1))).

[10]  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

[11]  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

[12]  Petition at 8 (Binding Pre-Removal Stipulation (A)).

renounce entitlement to any damages, exclusive of interest and cost, in excess of $50,000.00 per Plaintiff."[13]

19.

It is facially apparent that, if Plaintiffs were to prove their allegations, the monetary damages sought by Plaintiffs is likely to reach the $50,000 stipulated maximum for each Plaintiff.

20.

All Plaintiffs allege that they have experienced "some or all"[14] of the many alleged physical symptoms of acute and chronic exposure to high concentrations of chloroprene, including "respiratory irritation, cardiac palpitations, chest pains, nausea, gastrointestinal disorders, dermatitis, temporary hair loss, conjunctivitis, and corneal necrosis,"[15] and, with respect to chronic exposure, "liver function abnormalities, disorders of the cardiovascular system, and depression of the immune system."[16]

21.

Citing the EPA, Plaintiffs allege that chloroprene is a likely human carcinogen[17] and claim that, in addition to their alleged physical symptoms of chloroprene exposure, they have experienced, and continue to experience, a "justifiable and reasonable fear of developing cancer,"[18] "anxiety and mental distress,"[19] "depriv[ation] of enjoyment of property,"[20] and "an increased risk

---

[13]    *Id.* at 9 (Binding Pre-Removal Stipulation (D)).

[14]    *Id.* ¶ 27.

[15]    *Id.* ¶ 11.

[16]    *Id.*

[17]    *Id.* ¶ 12.

[18]    *Id.* ¶ 14.

[19]    *Id.* ¶ 26.

[20]    *Id.* ¶ 18.

of numerous forms of cancer, immune deficiencies, and other symptoms and conditions."[21]

Plaintiffs seek monetary damages "including[,] but not limited to, compensation for reasonable

and justified fear of cancer due to chloroprene exposure, nuisance, and civil battery."[22]

22.

Although Defendants dispute these allegations, it is facially apparent from them that, for

amount-in-controversy purposes, the value of monetary damages is likely to reach the stipulated

maximum of $50,000.00 for each Plaintiff.

23.

But that is not the end of the story.  Plaintiffs' stipulation limits only the "total *monetary*

*award*" available to each Plaintiff; it does not limit equitable relief.[23]  It is facially apparent from

the Petition that Plaintiffs' allegations necessarily put at issue a request for equitable relief in the

form of an injunction to abate the alleged harm Plaintiffs allegedly "continue[] to suffer" from

"regular and repeated exposure to excessive concentrations of chloroprene."[24]

24.

Federal Rule of Civil Procedure 54(c) states that "final judgment should grant the relief to

which each party is entitled, even if the party has not demanded that relief in its pleadings."[25]

Thus, the total value of the injunctive relief at issue in Plaintiffs' Petition must be considered in

---

[21]  *Id.* ¶ 21.

[22]  *Id.* at 9 (Prayer for Relief (a)).

[23]  *Id.* at 8 (Binding Pre-Removal Stipulation (A)) ("The total monetary award sought by each of the Plaintiffs . . . with all elements of damages . . . does not exceed the sum of $50,000.00 per Plaintiff[.]") (emphasis added).

[24]  *Id.* ¶ 15; *see also id.* ¶¶ 19 (plaintiffs are "continually exposed to chloroprene emissions"); 21 (plaintiffs face "continuing exposure to these excessive concentrations of chloroprene"); 23 (alleging a "continuing nuisance"); 29 (nuisance continues "even until today"); 33 (emissions continue "even until today"); 34 (breach "continues to the present date"); 38 (unit is in "continued operation . . . even until today"); 41 (negligence continues "even until today"); 44 (plaintiffs "continue to be harmed"); 45 (intentional conduct continues "even today").

[25]  Fed. R. Civ. P. 54(c); *see also* La. C.C.P. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.").

conjunction with the value of monetary damages in assessing whether the amount in controversy exceeds $75,000.[26]

25.

Plaintiffs' Petition is nearly identical to the petition filed in *Gerard v. Denka Performance Elastomer LLC, et al.*, No. 18-5739, where the same counsel represents both sets of plaintiffs. Plaintiffs' counsel filed the *Arlie* Petition *after* Defendants removed *Gerard* on the basis that the allegations in the *Gerard* petition (i.e., allegations of continuing harm from ongoing chloroprene emissions) put at-issue a request injunctive relief, the value of which must be considered in determining the amount in controversy. Plaintiffs' failure to make any substantive changes to the allegations that give rise to the request for injunctive relief in the *Gerard* petition is further evidence that injunctive relief is at issue here and must be valued for amount-in-controversy purposes.

26.

Plaintiffs' counsel are also the attorneys responsible for filing the related *Taylor* action currently pending in this Court.[27] In that action—based on the same alleged underlying conduct and brought on behalf of a putative class that ostensibly would have included all of the *Arlie* Plaintiffs—Plaintiffs' counsel seeks *only* injunctive relief, representing that claims for personal injury are unripe because the plaintiffs and the putative class have yet to incur any physical injuries.

---

[26]    *See Farkas v. GMAC Mortg., LLC*, 773 F.3d 338, 341 (5th Cir. 2013) (looking to the value of injunctive relief to determine the total amount in controversy despite plaintiff's stipulation to not accept damages above the $75,000 jurisdictional minimum); *Williams v. Alxial Corp.*, No. 2:15-CV-440, 2015 WL 5638080, at *4 (W.D. La. Sept. 24, 2015) (determining that "the language the plaintiff has chosen to use in her stipulation is confined only to judgments for compensatory damages" and that the value of injunctive relief "must also be included in any valuation of the amount in controversy."); *Hamp's Constr., LLC v. Tag-Mississippi Enters., LLC*, No. 09-4256, 2009 WL 2356671, at *2–3 (E.D. La. July 27, 2009) (valuing damages and injunctive relief separately for determining the amount in controversy); *Waters v. Ferrara Candy Co.,* 873 F.3d 633, 634 (8th Cir. 2017) (considering the value of "unspecified injunctive relief" in determining the amount in controversy).

[27]    *Robert Taylor, Jr., et al. v. Denka Performance Elastomer LLC, et al.*, No. 17-7668 (E.D. La.).

9

Without alleging any change of events between the filing of the two petitions—and in an apparent act of claim-splitting—Plaintiffs' counsel now advances a contradictory set of allegations, claiming that the *Arlie* Plaintiffs have, in fact, incurred physical injuries. Regardless, Plaintiffs' counsel cannot assert in one pleading that injunctive relief is the *only* means of addressing the alleged wrongdoing and then, in a subsequent pleading, assert that injunctive relief is unnecessary. This is yet further evidence that injunctive relief is at-issue in the *Arlie* Petition.

27.

It is well established that in actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."[28] The Fifth Circuit has held that "the object of the litigation is the value to the plaintiff of the right to be protected or the extent of the injury to be prevented."[29]

28.

If injunctive relief to abate chloroprene emissions were awarded to Plaintiffs, its object would be to prevent further exposure to levels of chloroprene that Plaintiffs allege are increasing their risk of cancer and other serious or fatal illnesses.[30] The value to Plaintiffs of avoiding chloroprene emissions at levels that they allege are "unsafe for humans to breathe"[31] and "likely to be carcinogenic to humans,"[32] by itself, exceeds the jurisdictional minimum.[33]

---

[28] *Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (internal quotation marks omitted).

[29] *Algiers Dev. Dist. v. Vista La., LLC,* No. 16-16402, 2017 WL 121127, at *4 (E.D. La. Jan. 12, 2017) (citing *Alfonso v. Hillsborough Cnty. Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)).

[30] Petition ¶ 21.

[31] *Id.* ¶ 6.

[32] *Id.* ¶ 12 (internal quotation marks and citation omitted).

[33] *See, e.g.*, *Lester v. Exxon Mobil Corp.*, 2012-1709 (La. App. 4 Cir. 6/26/13); 120 So. 3d 767 (plaintiffs awarded between $150,000 and $350,000 for increased risk of cancer, and between $40,000 and $50,000 for fear of cancer); *Wilson v. I-Stat Corp.*, No. 97-3474, 1998 WL 57042 (E.D. La. Feb. 10, 1998) (fear of AIDS exceeds amount-in-controversy requirement).

29.

At a minimum, the value of the injunctive relief at issue would exceed $25,000.  When combined with the $50,000 in monetary relief Plaintiffs seek, this results in an amount in controversy that exceeds the $75,000 jurisdictional minimum as to each individual Plaintiff.

30.

Alternatively, under CAFA, the district courts have original jurisdiction over matters in which "the matter in controversy exceeds the sum or value of $5,000,000."[34]  The amount in controversy required by 28 U.S.C. § 1332(d) is satisfied for this mass action.

31.

As explained above, the value of monetary damages is likely to reach the stipulated maximum of $50,000.00 for each Plaintiff.  With more than 1,000 named plaintiffs, that equates to an amount in controversy more than 10 times the threshold, without even taking into consideration the value of the injunctive relief at issue in Plaintiffs' Petition.  The value of the alleged compensatory damages is sufficient to meet CAFA's amount-in-controversy requirement.

*Numerosity*

32.

CAFA permits removal of mass actions with at least 100 plaintiffs.[35]  The *Arlie* Petition is brought by 1,001 named plaintiffs.[36]

---

[34]  28 U.S.C. § 1332(d)(2)(A); *see also id.* § 1332(d)(11)(A) (requiring that mass actions meet the requirements set forth in sections (2) through (10) of 28 U.S.C. § 1332(d), which includes the $5,000,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332(d)(2)(A)).  This Court also has jurisdiction over each individual Plaintiff pursuant to 28 U.S.C. § 1332(d)(11)(B)(i) because, as set forth above, the value of monetary and injunctive relief at issue exceeds $75,000 per Plaintiff.

[35]  28 U.S.C. § 1332(d)(11)(B)(i).

[36]  Petition at Exhibit A.

*Federal Question Jurisdiction*

33.

Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the action is one over which the federal court possesses original jurisdiction.  Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[37]

34.

The Supreme Court has recognized that even where a claim is purportedly predicated on state law, the claim will still "arise under" federal law where a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress.[38]

35.

Although Plaintiffs raise only state-law causes of action in their Petition, Plaintiffs allege that Defendants emitted chloroprene "at levels ***the EPA*** has determined to be unsafe for humans to breathe."[39]  Plaintiffs rely exclusively on these purported EPA standards as their basis for asserting that Defendants' chloroprene emissions were "excessive" in violation of Louisiana law. For example, Plaintiffs' nuisance, negligence, and strict liability claims are premised on Defendants' alleged breach of their "duty to protect Plaintiffs, and their property, from the effects of excessive chloroprene emissions,"[40] where the only source for this alleged duty is the EPA: a federal agency.  Thus, Plaintiffs' claims thus cannot be resolved without a determination whether

---

[37] 28 U.S.C. § 1331.

[38] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005).

[39] Petition ¶ 6 (emphasis added).

[40] *Id.* ¶ 31.

these purported EPA regulations create a duty of care governing the emission of chloroprene and, if so, whether and to what extent Defendants breached that duty.

36.

Supreme Court precedent is clear that a case arises under federal law where "the vindication of a right under state law necessarily turn[s] on some construction of federal law."[41]  Because the resolution of Plaintiffs' claims necessarily requires application and interpretation of EPA standards, assessments, and/or regulations, federal question jurisdiction exists.[42]

37.

The remaining elements of *Grable* are also met.  For example, the federal issue is in dispute because the parties disagree regarding whether Defendants are subject to and/or violated any standard of care based on EPA guidance or regulations; the federal issue is substantial in light of the EPA's strong interest in the uniform interpretation and enforcement of its federal regulatory scheme, and the potential that this interest would be undermined by state adjudication; and allowing a federal court to interpret and enforce federal regulations while exercising supplemental jurisdiction over state-law claims is a commonplace occurrence that will not disrupt the federal–state balance.  Federal jurisdiction exists under these circumstances.

38.

To the extent that any of Plaintiffs' claims do not require the application of federal law, the Court can exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

---

[41]  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9 (1983).

[42]  *Bd. of Comm'rs of Se. La. Flood Prot. Auth.–E. v. Tenn. Gas Pipeline Co., LLC*, 850 F.3d 714, 723 (5th Cir. 2017).

*Venue*

39.

Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims arises in the Eastern District of Louisiana, specifically in St. John the Baptist Parish, Louisiana.

*Timeliness of Removal*

40.

Generally, a notice of removal must be filed within 30 days of receipt by the defendant, by service or otherwise, of the initial pleading setting forth the claim for relief.[43]

41.

Plaintiffs filed their state court petition on June 19, 2018.

42.

DPE, DuPont, and The Dow Chemical Company were served with the Petition on June 26, 2018.[44]

43.

Because Defendants filed this notice of removal within 30 days of when they were first served with the state court petition, the removal notice is timely.

*Consent of All Defendants*

44.

DPE has granted consent to this removal, which is attached hereto as **Exhibit 2**.

---

[43]    *See* 28 U.S.C. § 1446(b)(1).

[44]    DowDuPont, Inc. has not been served with the Petition.

14

*Compliance with Removal Procedure*

45.

Pursuant to 28 U.S.C. § 1446(d), promptly after filing this notice of removal, Defendants will serve a copy of this notice on Plaintiffs, through their counsel, and will promptly file a copy of this notice with the Clerk of Court for the 40th Judicial District Court, St. John the Baptist Parish, Louisiana.  A copy of the Notice to State Court of Filing Notice of Removal, which will be filed with the Clerk of Court for the 40th Judicial District Court, St. John the Baptist Parish, Louisiana promptly after this filing, is attached hereto as **Exhibit 3**.

*Reservation of Rights*

46.

Defendants expressly reserve all rights, defenses, objections, and motions that they could have raised in response to Plaintiffs' Petition when filed in state court.


Dated: July 26, 2018                    Respectfully submitted:


                                        ___*/s Joshua J. Doguet*_____
                                        Deborah D. Kuchler (La. Bar No. 17013)
                                        Sarah E. Iiams (La. Bar No. 22418)
                                        Joshua J. Doguet (La. Bar No. 35111)
                                        **KUCHLER POLK WEINER, LLC**
                                        1615 Poydras Street, Suite 1300
                                        New Orleans, Louisiana 70112
                                        Telephone: (504) 592-0691
                                        Facsimile:  (504) 592-0696
                                        dkuchler@kuchlerpolk.com
                                        siiams@kuchlerpolk.com
                                        jdoguet@kuchlerpolk.com

                                        *-and-*

15

Kevin T. Van Wart, P.C. (Il. Bar No. 6183921)
Bradley H. Weidenhammer (Il. Bar No. 6284229)
Rebecca C. Fitzpatrick (Il. Bar No. 6299773)
Stanley M. Wash (Il. Bar No. 6310435)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
kevinvanwart@kirkland.com
bradley.weidenhammer@kirkland.com
rebecca.fitzpatrick@kirkland.com
stan.wash@kirkland.com

*Counsel for Defendants E.I. du Pont*
*de Nemours and Company, The Dow*
*Chemical Company, and DowDuPont Inc.*

**Certificate of Service**

I hereby certify that on July 26, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*s/ Joshua J. Doguet*